# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1440

_____

United States of America,       *
                                     *

      Plaintiff - Appellee,    *

                                     * Appeal from the United States

      v.                            * District Court for the

                                     * District of Minnesota.

Kortney Lamont Powell,    *

                                     *

      Defendant - Appellant.    *

_____

Submitted:  November 13, 2001

Filed:  March 20, 2002

_____

Before LOKEN, HEANEY, and RILEY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Kortney Lamont Powell appeals the 121-month sentence imposed after he pleaded guilty to three bank robberies. He challenges two upward adjustments to the robbery with the highest offense level, a one-level enhancement because the loss exceeded $10,000, and a two-level enhancement because he "recklessly created a substantial risk of death or serious bodily injury" during the escape. We affirm.

After robbing TCF National Bank of $9,367, Powell and a co-defendant fled in a stolen Chevy Blazer, pursued by the police. The getaway car, driven by Powell, ran a red light at high speed, collided with an occupied van, and continued on down

the wrong side of the road before crashing into a telephone pole. The robbery guideline imposes a one-level enhancement for a loss between $10,000 and $50,000. See U.S.S.G. § 2B3.1(b)(7)(B). The district court[1] imposed the one-level enhancement, adding the value of the stolen getaway car, $3000, and the damage caused to the van during the escape, $3,352.62, to the $9,367 taken from the bank. The court further imposed a two-level enhancement because Powell recklessly endangered others during the escape. See U.S.S.G. § 3C1.2. Those adjustments increased Powell's combined offense level to 30. See U.S.S.G. § 3D1.4.

The relevant facts are undisputed. Powell argues the district court erred by including the value of the stolen getaway car and the property damage to the van in calculating loss. He further argues that including the property damage caused during the escape as loss, and separately enhancing the offense level for reckless endangering, constitutes impermissible double counting. "Correct application of the Sentencing Guidelines is a question of law subject to *de novo* review." United States v. Lamere, 980 F.2d 506, 510 (8th Cir. 1992).

**1. The Loss Calculation.** In the robbery guideline, "'Loss' means the value of the property taken, damaged, or destroyed." U.S.S.G. § 2B3.1, comment. (n.3).[2] The stolen Chevy Blazer used as a getaway car was obviously "taken" from its owner, and the van was obviously "damaged" during the escape. Powell nonetheless argues that escape-related loss and damage should be excluded in calculating loss.

---

[1]The Honorable ANN D. MONTGOMERY, United States District Judge for the District of Minnesota.

[2]Note 3 was amended on November 1, 2001, but the amendment did not change the prior guideline. See U.S.S.G. Supp. to App. C, amendment 617, at pp. 159, 190.

The robbery guideline treats loss as a specific offense characteristic. <u>See</u> U.S.S.G. § 2B3.1(b). The parameters of specific offense characteristics are defined in the Relevant Conduct guideline, U.S.S.G. § 1B1.3:

> (a) <u>Chapters Two (Offense Conduct) and Three (Adjustments)</u>. Unless otherwise specified . . . specific offense characteristics . . . shall be determined on the basis of the following:
>
> (1) (A) all acts and omissions . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or *in the course of attempting to avoid detection or responsibility for that offense*;
>
> \* \* \* \* \*
>
> (3) *all harm that resulted* from the acts and omissions specified in [subsection 1] . . . .

(Emphasis added.) Here, the Chevy Blazer was stolen ("taken") to help the robbers avoid detection and apprehension. Thus, the value of that car was squarely within the Guidelines' concept of robbery loss, as the First Circuit held in <u>United States v. Cruz-Santiago</u>, 12 F.3d 1, 2-3 (1st Cir. 1993) (value of stolen getaway car included even if robbers did not intend a permanent taking), <u>cert. denied</u>, 511 U.S. 1092 (1994).

Powell argues that, viewed in context, a robbery loss calculation should include only the loss attributable to the robbery itself. But the relevant conduct commentary states that § 1B1.3(a) applies "in the absence of more explicit instructions in the context of a specific guideline." U.S.S.G. § 1B1.3, comment. (backg'd). There are no explicit instructions in § 2B3.1, the robbery guideline. Like the First Circuit, we conclude that the value of a car taken by robbers for the purpose of their getaway may be included in calculating loss under § 2B3.1(b)(7). In this case, the value of the getaway car and the money taken from the bank total $12,367, enough to justify the one-level increase under § 2B3.1(b)(7)(B). Thus, we need not consider whether the

damage done to the van during the course of Powell's attempted escape should be included in the calculation of "property taken, damaged, or destroyed."

**2. The Double Counting Issue.** Powell argues the district court engaged in impermissible double counting when it imposed a reckless endangering enhancement after including the damage to property during his escape in calculating loss. This contention is without merit. First, it is factually inaccurate -- the value of the getaway car was included in the loss calculation because it was property "taken," regardless of whether the robbers recklessly endangered others or damaged other property during their escape. Enhancements for theft of a getaway car and for endangering others during the getaway punish different conduct *and* different harms, so there was no double counting. See United States v. Hipenbecker, 115 F.3d 581, 583 (8th Cir. 1997).

Second, while the same reckless conduct damaged property (the van) and endangered other persons during the escape, the Guidelines deal explicitly with this potential double counting situation:

> Do not apply this [reckless endangering] enhancement where the offense guideline in Chapter Two, or another adjustment in Chapter Three, results in an equivalent or greater increase in offense level solely on the basis of the same conduct.

U.S.S.G. § 3C1.2, comment. (n.1). Here, including the property damage to the van in calculating loss increased the robbery offense level by one, which is less than the

two-level increase for reckless endangering. We are bound by the Guidelines' explicit resolution of this question. See United States v. Baker, 200 F.3d 558, 562-63 (8th Cir. 2000); United States v. Baker, 82 F.3d 273, 277-78 (8th Cir.), cert. denied, 519 U.S. 1020 (1996).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.